■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE FREEMAN, Appellant.— Appeal held, decision reserved, and case remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Defendant plead guilty to attempted grand larceny, first degree, following a hearing at which the court held that a statement made by appellant was voluntary. At that hearing there was proof that on January 3, 1967 defendant was arrested on a charge of vagrancy and possession of fireworks. On the following day he was arraigned on these charges, assigned counsel, and plead not guilty. He was remanded to jail. On January 5, police officers brought him to Police Headquarters from jail and questioned him about his activities on January 3. He furnished no information. On January 6 he was again questioned about the crime (robbery, first degree) which took place on January 3 and with which we are concerned. Prior to such questioning, according to police testimony at the hearing, he was advised of his " rights ", including his right to the services of an attorney. It is their version that appellant stated he did not want a lawyer and thereafter made the inculpatory statement. It is now established " that statements taken from a defendant after he has been subjected to a sham arraignment, usually for vagrancy, are inadmissible in cases in which he has not been accorded his right to counsel." (People v. Jackson, 22 N Y 2d 446, 451.) Inasmuch as this pronouncement was made subsequent to the hearing herein, scant attention was paid thereat to the facts surrounding his earlier detention on the vagrancy and fireworks charge. We conclude that there should be a further hearing followed by appropriate findings as to whether the basis for his arrest and confinement on January 3 was real or sham. Furthermore, there should be a new conclusion as to the voluntariness of the statement in the light of the facts so developed and the further fact that at the time of questioning appellant was represented by an attorney, albeit on an unrelated charge. (Appeal from judgment of Monroe County Court convicting defendant of attempted grand larceny, first degree.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Witmer, JJ.